IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Eduardo Trejo-Munoz, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-02159-DCN-MGB |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This matter is before the court on defendant United States of America's (the "government" or the "United States") motion to dismiss or, in the alternative, for summary judgment, ECF No. 24. For the reasons set forth below, the court adopts the magistrate judge's Report and Recommendation ("R&R"), ECF No. 49, and grants the government's motion. As such, the court finds as moot plaintiff Eduardo Trejo-Munoz's ("Trejo-Munoz") pending motion to strike, ECF No. 59.

## I. BACKGROUND

    The R&R ably recites the facts as stated in the complaint, and the parties do not object to the R&R's recitation thereof. Therefore, the court will only briefly summarize material facts for the purpose of aiding an understanding of the court's legal analysis.

    At the time of the events giving rise to this lawsuit, Trejo-Munoz was a prisoner at the Federal Correctional Institute in Bennettsville, South Carolina ("FCI Bennettsville"). ECF No. 1-1 at 2. On August 10, 2019, "a significant portion of" Trejo-Munoz's finger was bitten off during a fight between Trejo-Munoz and another inmate. Id. Trejo-Munoz claims that personnel at FCI Bennettsville did not provide him the medical care he needed until three hours after the altercation and that, but for this delay,

1

his lost digit could have been reattached. Id. at 1–2. He also claims that officials at the Bureau of Prisons ("BOP") mistakenly assigned him to FCI Bennettsville, a medium-security facility, when he should have been assigned to a low-security facility. Id. He believes he would have been less likely to have gotten into a brawl in the first place had he been properly detained at a low-security facility. Id. Based on these allegations, Trejo-Munoz sued FCI Bennettsville pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2617 et seq.[1] See ECF Nos. 1, 4.

On November 22, 2022, the government filed a motion to dismiss or, in the alternative, for summary judgment, in which it seeks dismissal of Trejo-Munoz's claims. ECF No. 16 at 5–15. Shortly after the government filed its motion, the magistrate judge issued a Roseboro[2] order explaining the court's dismissal and summary judgment procedures under Rules 12(b)(6) and 56. ECF No. 25. The Roseboro order made clear that Trejo-Munoz would be given thirty-one days to respond to the government's motion and that, should he fail to respond in that time, his claim could be subject to summary dismissal. Id. Yet, the deadline, December 29, 2022, passed with no response from Trejo-Munoz. Consequently, the magistrate judge ordered that the deadline be extended

---

[1] Trejo-Munoz initially filed his complaint against FCI Bennettsville in the U.S. District Court for the District of Columbia on a standard form used for asserting a violation of 42 U.S.C. § 1983. ECF No. 1. On June 17, 2022, the District of Columbia transferred the case to this court and correctly noted that, because Trejo-Munoz was alleging a tort claim, his claim should be read as alleging a violation of the FTCA, rather than § 1983. ECF No. 4 at 1. Upon receiving this case, the magistrate judge issued a proper form order in which she substituted "the United States as the defendant in this matter so that [Trejo-Munoz] may proceed with this action under the FTCA" and gave Trejo-Munoz an opportunity to object to this substitution. ECF No. 9. Trejo-Munoz objected to neither the substitution nor the understanding that he was asserting a claim under the FTCA.

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

to January 23, 2023, and, again, advised Trejo-Munoz that his claims could be subject to dismissal if he failed to respond by the new deadline. ECF No. 27 at 1.

Thereafter, on January 9, 2023, Trejo-Munoz filed a motion requesting sixty additional days to respond to the government's motion. ECF No. 29. The magistrate judge granted this request the following day, thus extending Trejo-Munoz's deadline to March 10, 2023. ECF No. 30. After this new deadline came and went with no response from Trejo-Munoz, the magistrate judge recommended that the government's motion be granted on March 16, 2023. ECF No. 32. In response, Trejo-Munoz requested that he, once again, be granted additional time to respond to the government's motion. ECF No. 34. As a result, this court ordered that Trejo-Munoz would have until July 1, 2023, to respond. ECF No. 43.

On July 5, 2023, Trejo-Munoz filed yet another request for additional time. ECF No. 45. In this motion, he also requested that, pursuant to Local Civ. Rule 7.05(c)(D.S.C.), the government furnish him with copies of all unpublished cases it cited to in its motion. Id. at 2. On July 6, 2023, the magistrate judge granted this request, ordered the government to serve Trejo-Munoz with copies of the unpublished authority, and granted Trejo-Munoz until July 19, 2023, to respond to the government's motion. ("July 6 Order"), ECF No. 46. The magistrate judge warned that this would be Trejo-Munoz's "final extension" and that "[s]hould [he] fail to respond by this deadline, the [magistrate judge] w[ould] issue a Report and Recommendation on [the government's motion] based on the current record." Id. at 2.

On July 25, 2023, having received no response from Trejo-Munoz, the magistrate judge fulfilled her promise and issued the R&R that is the subject of this order. ECF No.

3

49, R&R. The court received the document that is docketed as Trejo-Munoz's objections to the R&R, ECF No. 51, on July 25, 2023—the same day the R&R was issued, and the court received a letter from Trejo-Munoz providing additional support for his objections a few days later on July 28, 2023, ECF No. 52. The government replied to Trejo-Munoz's objections on August 8, 2023, ECF No. 53. Thereafter, Trejo-Munoz moved to strike the government's reply, ECF No. 59. As such, this matter has been fully briefed and is ripe for review.

## II.  STANDARD

### A.  Order on R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B. Pro Se Litigants

Trejo-Munoz is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### C. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Laby's, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff.

Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Lab'ys, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### D. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III. DISCUSSION

The government presented three grounds for its motion to dismiss or, in the alternative, for summary judgment. ECF No. 16 at 5–15. First, it argued that Trejo-Munoz failed to exhaust administrative remedies before bringing his placement claim. Id. at 5–7. Second, it asserted that his placement claim should be dismissed because the decision over where to place an inmate meets the FTCA's discretionary function exception. Id. at 8–13. Finally, it contended that Trejo-Munoz has failed to produce evidence showing proximate cause to support his claim related to the alleged delay in medical care; in other words, the government claimed that there is no evidence that Trejo-Munoz's finger could have been reattached had there not been a delay. Id. at 13–15. In the R&R, the magistrate judge recommended granting the government's motion and dismissing Trejo-Munoz's claims. R&R at 8, 10. This recommendation is based on her findings that Trejo-Munoz has not exhausted his remedies with respect to his improper placement claim and that Trejo-Munoz has not provided evidence showing that the inability to reattach his finger was due to a delay in medical care. Id.

The court begins with the observation that the document docketed as Trejo-Munoz's objection to the R&R is, in fact, an objection to Magistrate Judge Baker's July 6 Order.³ ECF No. 51 at 1. Consequently, neither the objections nor the letter that followed are responsive to the R&R. See ECF Nos. 51; 52. Instead, Trejo-Munoz argues that the time extension he was granted in the July 6 Order was not long enough for him to

---

³ Both Trejo-Munoz's subsequent letter and his motion to strike confirm that this document is not intended to be a response to either the government's motion or an objection to the R&R. See ECF Nos. 52 at 1; 59 at 2 ("Plaintiff has never filed objections to [the R&R], but properly submitted objections to [the July 6 Order], under Fed. R. Civ. P. 72(a) [and] 28 U.S.C. 636(b)(1)(A), as to the Magistrate's non-dispositive order.").

7

review the unpublished legal authority he was supplied, and he accuses the magistrate judge of having a bias against him.[4] ECF No. 51 at 3–6.  In reply, the government notes that both his objections and the subsequent letter are not actually objections to the magistrate judge's R&R, and the government requests it be given the opportunity to reply to objections if they are ever filed.  ECF No. 53 at 1–2.  Trejo-Munoz then moved to strike the government's reply on the grounds that he never filed objections to the R&R and asserted that the clerk of court and the government were attempting to misrepresent and cover up his objections to the July 6 Order.  ECF No. 59 at 2–7.

After a magistrate judge issues an order on "a pretrial matter not dispositive of a party's claim or defense," either party "may serve and file objections to the order within 14 days after being served with a copy," and "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Because a motion for an extension of time is "a pretrial matter not dispositive of a party's claim or defense," a magistrate judge's denial of such a motion may be objected to pursuant to Rule 72.  See Bailey v. Christian Broad. Network, 483 F. App'x 808, 810 (4th Cir. 2012).

Consequently, because Trejo-Munoz claims to have received a copy of the July 6 Order on July 10, 2023, and mailed his objection on July 19, 2023,[5] ECF Nos. 51 at 3;

---

[4] Likewise, the letter contained a "Declaration of Edwardo Trejo-Munoz," in which Trejo-Munoz recites the procedural history of this case and reiterates his argument that the July 6 Order did not grant him enough time.  See ECF No. 52-1.  Additionally, the letter is dated July 17, 2023, but postmarked July 21, 2023.  Id.; ECF No. 52-2 at 1.  Either way, the letter, like the objections, originated before the R&R was filed.

[5] Pro se prison litigants are deemed to have filed objections on the day when the filings are received by the prison mailroom for mailing to the court.  Wall v. Rasnick, 42 F. 4th 214, 218 (4th Cir. 2022).

51-2, Trejo-Munoz properly objected to the July 6 Order under Rule 72.  Nevertheless, the court adopts the magistrate judge's July 6 Order and denies Trejo-Munoz's request for additional time.

Both the magistrate judge and this court have been more than generous when considering Trejo-Munoz's numerous demands for extensions.  See ECF Nos. 12 at 1; 27; 30; 36; 40; 43; 46.  However, the court's repeated concessions have been met only by repeated delays and forsaken deadlines.  At some point, there comes a time when the court can delay no more and must consider the merits of the government's motion.  See Garrett v. Richardson, 2020 WL 6806430, at *2 (D.S.C. Nov. 19, 2020) (resolving a pending motion and report and recommendation in spite of the non-movants' motion for extension of time because the non-movant had requested and had been granted multiple extensions and "[t]he court will not continue to entertain months of extensions without reaching the merits of Defendants' motion").  Consequently, the magistrate judge's July 6 Order was not clearly erroneous or contrary to law, the deadline for filing a response to the defendants' motion has passed, and Trejo-Munoz's request for additional time to respond to the merits of the government's motion is denied.[6]

Moreover, to the extent Trejo-Munoz's "objections" could be liberally construed as either a response to the government's motion or as objections to the R&R, no

---

[6] Also included in Trejo-Munoz's objection are three motions: (1) a motion for this court to appoint expert witnesses to testify on the medical aspects of his claim, (2) a motion for this court to appoint counsel, and (3) a motion for this court to stay proceedings pending further discovery into his claims.  ECF No. 51 at 6–7.  The motions to appoint counsel and stay proceedings were separately docketed, ECF No. 54, and have already been denied by the court, ECF No. 55.  To the extent Trejo-Munoz's motion to appoint an expert witness is separate from his request for counsel, a stay in proceedings, or additional time to respond, it is denied for the same reasons the court has denied these other motions.

arguments raised in either this document or his subsequent letter disturb the magistrate judge's findings, and a de novo review leads the court to adopt the magistrate judge's R&R.

The magistrate judge ultimately recommends granting defendants' motion as to Trejo-Munoz's claim related to his severed finger because Trejo-Munoz has not been able to demonstrate causation. R&R at 10. "An action under the FTCA may only be maintained if the Government would be liable as an individual under the law of the state where the negligent act occurred." Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009) (citing 28 U.S.C. § 1346(b)(1)). Under South Carolina law, proximate cause must be proven as an element of negligence. Crider v. Infinger Transp. Co., 148 S.E.2d 732, 734–35 (S.C. 1966) ("It is elementary that in order for a plaintiff to recover damages there must be proof, not only of injury, but also that it was caused by the actionable negligence of the defendant."). While causation is often a question for the jury, a trial judge may resolve the issue as a matter of law when the evidence supports only one reasonable conclusion. Vinson v. Hartley, 477 S.E.2d 715, 721–22 (S.C. Ct. App. 1996); see also Norris v. Socar, Inc., 946 F.2d 886 (4th Cir. 1991) (unpublished table decision) (applying South Carolina law and affirming summary judgment when the plaintiffs "offered no direct or circumstantial evidence of negligence . . . or of proximate cause").

In support of its motion, the government provided an internal BOP memo describing the incident. ECF No. 24-4. The memo explained that, because the fight took place at "approximately 8:39 p.m. which is after hours for medical," Trejo-Munoz was taken to the hospital for treatment of his wounds. Id. at 5. However, before he left, "staff became aware Trejo-Munoz was missing his finger" and they began to search. Id. at 2.

10

Officer D. Roberts located the finger, placed it in a glove, and gave it to arriving EMS personnel, who put it on ice in a cup. Id. The finger was then taken with Trejo-Munoz to the hospital. Id. However, at the hospital, a doctor informed Trejo-Munoz, in the presence of several escorting officers, "that he would not be able to reattach the severed finger due to it being a jagged cut and due to the germs associated with the mouth from a human bite." Id.

In contrast, Trejo-Munoz has offered nothing, whether in his objections or subsequent letter, to demonstrate that the magistrate judge erred in her assessment of this claim. See ECF Nos. 51; 52. The court finds that the magistrate judge correctly applied the facts and law in this case and that the evidence tends to show that Trejo-Munoz's injury was not caused by any negligence on the part of the government. As such, the court adopts the R&R and grants the government's motion as to Trejo-Munoz's claim regarding the alleged delay in medical care.

Moving to Trejo-Munoz's improper placement claim, the magistrate judge recommended granting defendants' motion because Trejo-Munoz failed to exhaust his available remedies. R&R at 8. The FTCA requires that, prior to bringing an action against the United States, a plaintiff "shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986).

For prisoners in BOP custody, the process requires that they first seek to informally present their complaints to facility staff, who shall attempt to resolve the issue. 28 C.F.R. § 542.13(a). If that does not work, the prisoner must make a formal

Administrative Remedy Request on a form provided by facility staff within twenty days of the failed informal resolution. Id. § 542.14(a), (c). The prisoner must submit a separate form for each complaint unless he is complaining about "a reasonable number of closely related issues." Id. § 542.14(c)(2). If the prisoner is not satisfied with the warden's response to his complaint, he may appeal the response to the regional director. Id. § 542.15(a). If still unsatisfied, he may then appeal the regional director's decision to the general counsel. Id.

In support of its motion, the government attached a declaration of J. Carter, legal assistant for the South Carolina Consolidated Legal Center, a body which oversees all legal matters arising at all BOP institutions in South Carolina. ECF No. 24-1 ¶¶ 1–2. Carter declared that Trejo-Munoz filed a written complaint with BOP staff, "alleging FCI Bennettsville failed to provide adequate, timely medical care following a fight he was involved in." Id. ¶ 5. The declaration does not, however, mention any complaints filed with regard to Trejo-Munoz's improper placement claim. See id. Beyond that, Trejo-Munoz attached his Administrative Remedy Request forms to his complaint, and these forms only mention his allegations about improper medical care. See ECF No. 1-1 at 5–7. Trejo-Munoz does not assert any argument in his complaint, objections, letter, or motion to strike that he properly exhausted his administrative remedies in bringing his improper placement claim. See ECF Nos. 1; 51; 52; 59. For these reasons, the court finds that Trejo-Munoz has not exhausted his administrative remedies in bringing this claim. Accordingly, the court adopts the magistrate judge's R&R in full and grants the government's motion.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the magistrate judge's R&R, ECF No. 49, and **GRANTS** the government's motion, ECF No. 24.  As such, the court **FINDS AS MOOT** Trejo-Munoz's motion to strike, ECF No. 59.

**AND IT IS SO ORDERED.**

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**September 27, 2023**
**Charleston, South Carolina**